UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


ANTONIO TYSON                           *          CIVIL ACTION

VERSUS                                  *          NO. 10-1097

ROBERT C. TANNER, WARDEN                *          SECTION "F"(6)


## REPORT AND RECOMMENDATION


This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, IT IS RECOMMENDED that the respondent's motion for summary judgment be GRANTED and that petitioner's federal

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

application be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST.

## Background Facts

Petitioner, Antonio Tyson, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. The record reflects that he was charged with aggravated rape, armed robbery and aggravated burglary and subsequently pled guilty to forcible rape, armed robbery and aggravated burglary. He was sentenced to 40 years for the forcible rape and armed robbery and to a term of 30 years for the aggravated burglary, each sentence to run concurrently.[2] He did not appeal but did file for state post-conviction relief.

Of importance to the claims raised in the instant habeas corpus petition, on April 3, 2008, Tyson filed a request for an administrative remedy, number RCC-2008-106, alleging that he was being subjected to excessive good time forfeitures and to unlawful disciplinary proceedings. Tyson's request was rejected on April 7, 2008 by the Department of Corrections for the following stated reason: "This complaint is concerning disciplinary reports therefore should be addressed through the disciplinary appeal process."[3]

Subsequently, in October of 2008, Tyson filed for judicial review of this decision with the 19th Judicial District Court, Parish of Baton Rouge, Case No. 566,301. At this juncture, he amended his petition to seek delictual damages and injunctive relief.[4] According to the

---

[2]See State Court record Vol III of III, Transcript of Boykin and Sentence dated October 21, 1993.

[3]See Ex. 2 attached to Rec. Doc. 12.

[4]See Rec. Doc. 12, Manual Attachment, Ex. 3, Motion for Summary Judgment.

Commissioner's Screening Report issued on October 28, 2008 by the 19th Judicial District

Court, it was recommended that petitioner's claims for monetary damages and injunctive

relief be dismissed as they were not filed in the correct venue.[5] The Commissioner noted that

the 19th Judicial District Court had no jurisdiction over delictual actions but rather was

limited to appellate review of administrative decisions. Petitioner was given the opportunity

to notify the court regarding whether he wished to maintain the appeal of the administrative

decision and dismiss the delictual action or whether he wanted the entire matter to be

dismissed without prejudice so he could file the action in the appropriate venue.[6] Petitioner

refused to amend his petition to include only the action for judicial review of his

administrative claim thus the court determined that the entire lawsuit should be dismissed

without prejudice for lack of subject matter jurisdiction. The action was dismissed on

December 8, 2008. [7]

Tyson then appealed this decision to the Louisiana Court of Appeal, First Circuit, with

that court affirming the decision of the district court on October 27, 2009, finding that the

delictual claims for relief which petitioner refused to abandon were improper before the court

and that petitioner chose not to pursue appellate relief of his administrative claim by itself.

---

[5]*See* 19th Judicial Court Judgment dated December 8th, 2008, Ex. 3, Motion for Summary Judgment, attached to Rec. Doc. 12.

[6]As noted by the Commissioner, 15:1184(B) makes venue for damage claims mandatory in the parish of the prison where the incident arose. In petitioner's case, venue would have been proper in Richland Parish.

[7]*See* Rec. Doc. 12, Ex. 3 for a copy of the Judgment of Judge Todd Hernandez, 19th Judicial District Court.

The Louisiana Supreme Court subsequently rejected petitioner's request for review of the

First Circuit's decision on February 26, 2010.[8]

On April 30, 2010, Tyson filed a petition for a writ of habeas corpus with this court,

asserting eight related claims for relief, all stemming out of his loss of good time resulting

from disciplinary action taken against him by the Department of Corrections.[9]

Analysis

As previously stated, on June 23, 2010, the state filed a motion for summary judgment

in lieu of a response to petitioner's federal application.[10]  Petitioner filed an "Opposition to

Summary Judgment" on July 6, 2010.[11]  In reviewing a motion for summary judgment, the

Court may grant judgment when no genuine issue of material fact exists and the mover is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving

---

[8]A copy of the First Circuit's decision and of the decision of the Louisiana Supreme Court can be found in Rec. Doc. 12, Ex. 3 , filed with the Motion for Summary Judgment.

[9] As best can be understood from Tyson's petition, he claims that the disciplinary board failed to comply with various state statutes; that he was prevented from calling fellow prisoners as witnesses at his disciplinary hearing; that the prison disciplinary board breached its duty and thus deprived him unconstitutionally of his appellate rights to challenge their decision through administrative remedies; that he was denied the right to confront and cross-examine his accusers during the disciplinary hearing; that the judge was biased and thus gave greater credibility to employee reports than the judge gave to live and stipulated testimony; that applying La. R.S. 15:571.4 to petitioner's conviction violates the prohibition against ex post facto laws and also impairs the "obligation of contracts"; and, La. R.S. 15:1186 is unconstitutional on its face and as applied to indigents. See Rec. Doc. 2-1 at pp. 2-5.

[10]Rec. Doc. 12.

[11]Rec. Doc. 15. *See also* Amended Memorandum in Opposition to Summary Judgement. Rec. Doc. 16.

party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In the motion for summary judgment, the state argues that, "[T]here is no evidence that the state courts of Louisiana have ever had an opportunity to review Petitioner's claims on the merits, as procedural defects of Petitioner's own making have prevented a state court review on the merits."[12] The state asserts that petitioner has failed to exhaust his state claims as petitioner did not present his claims in a procedurally proper manner, thus preventing the state courts from addressing the merits of his claims.

Petitioner opposes the motion **not** by showing that the state is incorrect in its assertions and that he has actually exhausted his claims before the Louisiana Supreme Court, but instead by re-hashing the issues under state law which initially led him to incorrectly file his state petition in the wrong venue. As the Supreme Court stated in *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d. 385 (1991), "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." This court cannot review petitioner's claim that the state erred in its application of its own state procedural rules. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must normally first exhaust his remedies in state court before seeking habeas corpus relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001) (internal quotation marks omitted).

---

[12]Rec. Doc. 12-3 at p. 6.

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a *procedurally proper* manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner *according to the rules of the state courts*." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999) (quoting *Dupuy*, 837 F.2d at 702)(emphasis added). By failing to present his claims to the Louisiana Supreme Court in a procedurally proper manner, petitioner has failed to give the state courts a "fair opportunity" to pass upon those claims, as required for the exhaustion of his state remedies by 28 U.S.C. § 2254(b)(1)(A). Therefore, respondent's motion for summary judgment should be granted, and petitioner's federal petition should be dismissed without prejudice for failure to exhaust.

RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the motion for summary judgment (Rec. Doc. 12) be GRANTED and that the petition for federal habeas corpus relief filed by Antonio Tyson be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Services Auto. Ass' n*,

79 F.3d 1415, 1430 (5ᵗʰ Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this __29th__ day of _____July_____, 2010.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[13]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.